UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESSE F.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 24cv00010-LR

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF NO. 16]**

Pending before the Court is Plaintiff's counsel's "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" ("Motion for Attorney's Fees"). (ECF No. 16.) For the reasons set forth below, the Court **GRANTS** the Motion for Attorney's Fees.

## I. PROCEDURAL BACKGROUND

On January 3, 2024, Plaintiff filed a civil Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for a period of disability, disability

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), the Court's opinions in Social Security cases filed under 42 U.S.C. § 405(g) "refer to any non-government parties by using only their first name and last initial."

insurance benefits, and supplemental security income benefits. (ECF No. 1.) The parties consented to this Court's jurisdiction on January 8, 2024. (ECF No. 7.) After Defendant filed the Administrative Record in lieu of an answer, the Court issued a scheduling order. (ECF No. 10; see also ECF No. 9.) Among other requirements, the scheduling order required the parties to engage in formal mandatory settlement discussions. (ECF No. 10 at 2.) Specifically, Plaintiff was ordered to prepare and deliver to the Special Assistant United States Attorney representing Defendant "a written and detailed proposal of settlement." (Id.) Defendant was ordered to evaluate the merits of Plaintiff's contentions and confer with Plaintiff's counsel regarding the proposal. (Id.) As a result of this process, Defendant agreed to a voluntary remand of this case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (See ECF No. 11.) The parties then filed a "Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)." (Id.)

On March 29, 2024, the Court granted the parties' joint motion, approved the stipulation, and remanded the action to the Commissioner of Social Security for further administrative proceedings consistent with the terms of the parties' Stipulation to Remand. (ECF No. 12.) The Court entered judgment in favor of Plaintiff against Defendant. (ECF No. 13.) On remand, the Commissioner granted Plaintiff's application, entitling him to receive $58,519.00 in past-due benefits. (ECF No. 16 at 16, Decl. Monica Perales ("Perales Decl."); see also ECF No. 16-3.)

On June 27, 2024, the parties filed a "Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act" seeking $1,700.00 in attorney's fees. (ECF No. 14.) On August 12, 2024, the Court granted the motion and awarded $1,700.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 15.)

On June 8, 2026, Plaintiff's counsel, Monica Perales, filed a Motion for Attorney's Fees seeking an attorney's fee award of $14,629.75 under 42 U.S.C. § 406(b), arguing that the fee is reasonable considering the nature of her representation and the results she

achieved in this action. (See ECF No. 16 at 5–15.) Plaintiff's counsel further seeks an order directing her to reimburse Plaintiff $1,700.00 for the previously awarded EAJA fees. (Id. at 13.)

On June 9, 2026, the Court issued a briefing schedule setting July 8, 2026, as the deadline for Defendant and Plaintiff to file their responses to Plaintiff's counsel's Motion for Attorney's Fee. (ECF No. 18.) On June 29, 2026, Defendant filed a response to Plaintiff's counsel's motion, asserting that the Commissioner has no direct financial stake in the request, and "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (ECF No. 20 at 3.)

## II. LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a case where a judgment was rendered in favor of a Social Security disability insurance claimant. A district court may award "reasonable" attorney's fees, not to exceed twenty-five percent of the total past-due benefits awarded to the claimant. See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The United States Supreme Court has explained that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted).

In cases in which a contingency fee agreement exists, a district court should first look to the agreement and then test it for reasonableness. See id. at 808. When evaluating the reasonableness of a fee request under 42 U.S.C. § 406(b), a district court should consider the character of the representation and the results achieved. See id.;

Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). District courts examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees are excessively large in relation to the benefits achieved, *i.e.*, whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52.

The attorney's fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht, 535 U.S. at 802. The EAJA also permits an attorney to receive fees for a successful Social Security representation. See Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. Id. at 1218. Attorneys are permitted to seek recovery under both 42 U.S.C. § 406(b) and EAJA, and to keep the larger fee, but they must refund the smaller fee to the claimant. See Gisbrecht, 535 U.S. at 796; Parrish, 698 F.3d at 1218.

## III. DISCUSSION

The contingency fee agreement between Plaintiff and his counsel, Monica Perales, provides that Plaintiff's counsel would be paid a maximum of twenty-five percent[2] of past-due benefits awarded to Plaintiff. (See ECF No. 16-1.) Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). The Court therefore needs to analyze the character of the representation and the results achieved to determine reasonableness of the fees Plaintiff's counsel is seeking. See Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

---

[2] Notably, the cap set forth in 42 U.S.C. § 406(b)(1)(A) limiting attorney's fees to twenty-five percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency. Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

Plaintiff's counsel prepared a settlement proposal for Defendant, which Defendant ultimately accepted, and the parties then moved to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (See ECF No. 11.) Further, because the Commissioner awarded Plaintiff $58,519.00 in past-due benefits on remand, Plaintiff's counsel's representation resulted in the sizeable award to Plaintiff. (See ECF No. 16-3 at 4.) This was a successful result for Plaintiff that would not have been achieved with a substandard performance by Plaintiff's counsel. Accordingly, Plaintiff's counsel did not render substandard representation or delay this litigation. See Crawford, 586 F.3d at 1151–52.

Additionally, the amount of time Plaintiff's counsel expended on this case is not out of proportion to the fee award. Twenty-five percent of $58,519.00, the amount that the Commissioner awarded Plaintiff on remand, is $14,629.75. Plaintiff's counsel seeks an attorney's fee award of $14,629.75, which represents 25 percent of the past-due benefits awarded to Plaintiff. Plaintiff's counsel expended 9.85 hours while representing Plaintiff. (ECF No. 16 at 5.) When assessed against the proposed fee award, this amounts to a *de facto* hourly rate of $1,485.25. Multiple cases in this district found similar *de facto* hourly rates to be reasonable in cases where the parties agreed to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), and where plaintiffs received sizeable awards of past-due benefits on remand. See Watkins v. O'Malley, Case No.: 21-cv-101-BLM, 2024 WL 2702444, at *1–2 (S.D. Cal. May 24, 2024) (finding an hourly rate of $1,566 reasonable; noting that the rate "[wa]s on the higher end, however, several cases have found rates of $1300–$1600 to be appropriate, including cases in this district"); Satariano v. Saul, Case No.: 21cv548-BLM, 2023 WL 7390841, at *1–2 (S.D. Cal. Nov. 7, 2023) (finding an hourly rate of $1,401.87 reasonable); Roland S. v. Kijakazi, Case No.: 3:20-cv-01068-AHG, 2023 WL 6966153, at *1, *3 (S.D. Cal. Oct. 20, 2023) (finding an hourly rate of $1,438.35 reasonable; noting that although the hourly rate was "high" it "[wa]s in line with hourly rates approved by courts in similar cases, including in this district"); Desiree D. v. Saul, Case No.: 3:19-cv-01522-RBM,

2021 WL 1564331, at *1, *3 (S.D. Cal. Apr. 20, 2021) (finding an hourly rate of $1,494.34 reasonable); Martinez v. Saul, Case No.: 15-cv-1994-BTM-BGS, 2019 WL 3322481, at *1–2 (S.D. Cal. July 24, 2019) (finding an hourly rate of $1,488.83 reasonable).

Notably, Plaintiff's counsel took Plaintiff's case on a contingency basis when Plaintiff had an unfavorable ruling from the ALJ. Courts have recognized that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021). Plaintiff's counsel in this case assumed a substantial risk of nonpayment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable outcome for Plaintiff. Additionally, under the contingency fee agreement, Plaintiff's counsel is entitled to twenty-five percent of the net payable past-due benefits and seeks $14,629.75, representing that amount. The Court also notes that Plaintiff has not filed an opposition to his attorney's fee request. (See Docket.) The Court therefore finds that Plaintiff's counsel's attorney's fee request is reasonable. See Crawford, 586 F.3d at 1145.

After an independent review, the Court concludes that the attorney's fees Plaintiff's counsel is seeking pursuant to 42 U.S.C. § 406(b) are reasonable. However, because Plaintiff was awarded $1,700.00 in fees pursuant to the EAJA, the award of § 406(b) fees must be offset in that amount. See Gisbrecht, 535 U.S. at 796 (proving that an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA).

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Attorney's Fees [ECF No. 16]. The Court awards Plaintiff's counsel, Monica Perales, $14,629.75 in attorney's fees. The Court further **ORDERS** Plaintiff's counsel, Monica Perales, to reimburse Plaintiff $1,700.00, the amount Plaintiff's counsel received under EAJA.

**IT IS SO ORDERED**.

Dated: July 27, 2026

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge